IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-01378-DDD-SBP

NANCY ROSEN,

    Plaintiff,

v.

NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING MOTION FOR RECONSIDERATION OF
OCTOBER 18, 2023 ORDER (ECF NO. 82)**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before this court on Defendant Nationwide Property and Casualty Insurance Company's ("Nationwide") Motion for Reconsideration, ECF No. 82 (the "Motion"). The Motion is referred. ECF No. 83. Plaintiff Nancy Rosen opposes. ECF No. 85. Nationwide has replied. ECF No. 95. The Motion asks this court to reconsider in part its October 18, 2023 Discovery Order, in which the court determined that Nationwide was not entitled to discovery relating to Plaintiff's medical history, ECF No. 79 (the "Order").

    The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston*

*Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). The court is to consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Under the clearly erroneous standard, "the reviewing court [must] affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Nationwide asks this court to reconsider its previous discovery ruling the Nationwide is not entitled to discovery related to Plaintiff's medical history under the Colorado Supreme Court's holding in *Schultz v. Geico Casualty Co.*, 429 P.3d 844, 846 (Colo. 2018). This court reasoned that *Schultz*—which held that for purposes of insurance bad faith claims, the reasonableness of the insurer's conduct must be determined solely with reference to the information the insurer knew at the time—applied in this case. ECF No. 79 at 14. It applied at the time of the previous discovery ruling because (1) Ms. Rosen brings only bad faith claims, (2) Nationwide had paid the full policy limit before she filed this lawsuit, and (3) Nationwide had not yet filed its Answer, and the pleading in fact appeared to be a couple of weeks overdue. *See* ECF No. 79 at 7. Although Nationwide had previously argued that it might file a counterclaim or affirmative defense based on fraud, failure to cooperate, or breach of contract, Nationwide had not yet done so.

A week after the October 18, 2023 Order, Nationwide filed its Answer and Affirmative Defenses, ECF No. 80 (the "Answer"). In the Answer, it asserts among other things that:

2

> 1. Plaintiff's claims, damages, and/or losses, in whole or in part, are **barred by breach of policy conditions** and/or failure to comply with conditions precedent, **including the failure to cooperate**, and are subject to and are barred and/or limited by the contractual terms, conditions, provisions, exclusions and/or limitations contained in the Policy or under applicable law.
> 2. **Any material failure to cooperate by Plaintiff and/or her agents was a breach of the contract and Nationwide suffered a material and substantial disadvantage by having its investigation delayed and being sued for bad faith**.

ECF No. 80 at 17-18 (Affirmative Defenses Nos. 1, 2) (emphasis added).

Nationwide argues that the discovery requests at issue are directly relevant to these affirmative defenses.[1] Specifically, Nationwide asserts that Ms. Rosen's complete medical

---

[1] These discovery requests are in dispute:

**Interrogatory No. 1:** Identify each physical, mental, or emotional injury or condition You attribute to the Accident and the area of Your body affected, including if You allege the injury or condition was an exacerbation of a prior injury(ies) or condition(s) and, if so, the date(s) and cause(s) of the prior injury(ies) or condition(s).

**Interrogatory No. 2:** For each physical, mental, or emotional injury or condition You attribute to the Accident, provide the name, Address, and specialty of each Health Care Provider or holistic health practitioner from whom You received a consultation, examination, or treatment in the three to five years preceding the Accident to the present, and identify the nature and duration of the complaint, injury, or condition for which You received treatment.

**Interrogatory No. 3:** List all physical, mental, and emotional complaints, injuries, conditions, or disabilities You had in the year before the Accident. (You may omit mental or emotional complaints, injuries, conditions, or disabilities unless You attribute any mention or emotional injuries to the Accident.)

**Interrogatory No. 4:** As it relates to Your medical records from the UCHealth Neurology Clinic, set forth separately: (1) the date(s) in which You requested records from the UCHealth Neurology Clinic; (2) any and all limitations, restrictions, or specifications in each of Your requests for records from the UCHealth Neurology Clinic; (3) the date(s) in which You received records from the UCHealth Neurology Clinic; and (4) for each receipt of records from the UCHealth Neurology Clinic, the date(s) of treatment for which You received records along with the number of pages of records received from the UCHealth Neurology Clinic.

**Interrogatory No. 5:** For the physical, mental, or emotional injuries or conditions You attribute to the Accident, did You request, obtain, or receive any medical records that were not submitted

3

information sought is relevant to questions regarding "whether [Plaintiff] obstructed Nationwide's process by failing to provide information earlier than she did" or "was not forthcoming with information in a timely manner necessary for Nationwide to analyze the claim." Motion at 8.

Ms. Rosen alleges, for instance, that she provided a medical authorization to Nationwide on January 11, 2021 (Am. Complt. ¶ 52), and Nationwide unreasonably failed to proceed with obtaining her medical records based on that medical authorization, and if it had obtained those records, it would have known much sooner that Ms. Rosen was entitled to the full limit on her UM benefits. *Id*. ¶¶ 78-81. Ms. Rosen also alleges that at the same time, on January 15, 2021, Nationwide made an unreasonably broad request for her "medical records from every physician she saw for the 3-5 years preceding the crash." *Id*. ¶¶ 53-54.

Nationwide argues that in its experience, insureds (or counsel for them) at times disclose

---

or provided to Nationwide? If so, set forth separately: (1) the name and Address of the medical facility; (2) the date(s) in which You requested records from the medical facility; (3) any and all limitations, restrictions, or specifications in each of Your requests for records from the medical facility; (4) the date(s) in which You received records from the medical facility; and (5) for each receipt of records from the medical facility, the date(s) of treatment for which You received records, the medical provider and specialty, the injuries or conditions for which treatment was sought or obtained, along with the number of pages of records received from the medical facility.
**Request for Production No. 2:** Please produce all Documents referenced, reviewed, consulted, or relied upon in responding to written discovery in this lawsuit.
**Request for Production No. 3:** Please produce all Documents and Communications to and from any Health Care Provider seeking or obtaining Plaintiff's medical records.
**Request for Production No. 4:** Please produce any and all Documents, diaries, calendars, telephone logs, memoranda, notes, correspondence, emails, texts, instant messages, social media messages or postings, voice mail recordings, audio records, transcripts, and all other records containing or describing any conversations or Communications with Nationwide or Nationwide's employees, representatives, or agents concerning or relating to the Accident.

to the insurer only the portion of their medical records (from a particular provider, for instance) that best support the value of the claim while withholding any other medical records that would undercut it. Nationwide argues (and now asserts in the Answer) that it was waiting for the complete medical records that Ms. Rosen had not provided, and then Ms. Rosen sued it, asserting that delay was unreasonable and in bad faith. The complete set of her medical records is thus directly relevant to its affirmative defense that Ms. Rosen failed to cooperate, specifically with its request for medical records, and that her failure to cooperate caused the year of delay that she now claims as part of her bad faith claim against Nationwide.

Because Nationwide's affirmative defenses now make Plaintiff's prior medical history directly relevant, the court concludes that *Schultz* does not apply to this case. This case is now more like the cases on which Nationwide relied (and still relies), in which there was a breach of contract claim. *See* October 18, 2023 Order at 15-16 and n.3 (collecting cases). Here, the breach of contract issue arises in connection with Nationwide's affirmative defense, but nonetheless the question is whether Ms. Rosen's failure to cooperate in producing medical records caused the delay that she now asserts was unreasonable and reflects bad faith on Nationwide's part.

Plaintiff resists this conclusion, but she does so primarily by challenging the merits of Nationwide's affirmative defenses. Ms. Rosen argues that Nationwide cannot bring these defenses because it did not reserve its rights (i.e., waived them), or did not comply with Colorado's statutory requirements of providing notice to the insured of how she was failing to cooperate or breaching the Policy. Nationwide replies that these arguments go to the merits of the defenses and not to whether the discovery is now relevant. The court agrees; on a discovery motion, the court considers whether discovery is relevant to the claims and defenses. It does not

5

analyze whether the claims and defenses are meritorious.

The court concludes that Nationwide's subsequent filing of its Answer and Affirmative Defenses is a subsequent event that justifies reconsideration of the October 18, 2023 Order. The court further concludes that Affirmative Defenses Nos. 1 and 2 make the requested discovery of Plaintiff's medical history directly relevant to Nationwide's defenses, an appropriate subject for discovery under Rule 26(b)(1).

The court also does not find the requested discovery to be disproportional to the needs of the case. Nationwide essentially requests Ms. Rosen's complete medical records only "[f]or each physical, mental, or emotional injury or condition [she] attribute[s] to the Accident" for the "three to five years preceding the Accident." If Ms. Rosen does not attribute an injury or condition to the Accident, she does not need to produce any medical records concerning that condition. Plaintiff may designate the medical records as confidential under the Amended Protective Order, which will protect her privacy interest therein. ECF No. 61. And considering that Ms. Rosen is seeking two times the amount of the covered benefit, or $200,000, plus her reasonable attorney's fees and costs, *see* Am. Complt, Second Claim, for Nationwide's delay while it waited for those very records (which it requested in January 2021), this discovery is not disproportional or unduly burdensome to Ms. Rosen. Nor are these requests otherwise objectionable; it does not appear that Nationwide can obtain the medical records by other means.

Accordingly, Nationwide's Motion for Reconsideration is **GRANTED**.[2] Ms. Rosen shall

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will

promptly respond to the discovery requests noted in the footnote above. The court cannot determine from the record the length of time that Ms. Rosen will reasonably need to collect and produce these records. The parties therefore shall confer and file a status report by May 31, 2024, indicating the amount of time needed.

DATED: May 17, 2024    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").